IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

**TERRI LONG**
2488 Bexley Hill Place
Xenia, Ohio 45385

Plaintiff,

vs.

**SECRETARY OF VETERANS AFFAIRS**
Denis McDonough
810 Vermont Avenue
Washington, D.C. 20420

Defendant.

Case No.: 3:24-cv-191

Judge

**COMPLAINT WITH JURY DEMAND**

---

Now comes Plaintiff Terri Long ("Long" or "Plaintiff") by her counsel, and for her Complaint against Defendant Secretary of Veterans Affairs hereinafter referred to as "Defendant" states as follows:

### I. NATURE OF ACTION, PARTIES, JURISDICTION & VENUE

1. This is an action for employment discrimination predicated on sex discrimination, workplace harassment and retaliation pursuant to prior EEO Complaints filed herein. Plaintiff timely brings this action pursuant to a Federal Agency Decision.

2. Plaintiff Terri Long is a current employee of Defendant Department of Veterans Affairs. The conduct complained of herein occurred at the Dayton VA Medical Center.

3. Defendant Department of Veterans Affair's is Plaintiff's current employer.

4. This Court has subject matter jurisdiction over the claims asserted herein pursuant to the Civil Rights Act of 1964, as amended, 42 U.S.C.§2000 e, et seq.

5. Venue in this district court is proper as Plaintiff works for Defendant at a location in Montgomery County Ohio which is within the district court's authority and operation.

## II. FACTUAL BACKGROUND

6. Plaintiff restates the previous allegations of paragraphs 1-5 herein.

7. During all relevant times herein Plaintiff was employed as a Physician Assistant, UN-3, Urology at the Dayton VA Medical Center.

8. At all relevant times, Plaintiff's first level supervisor was Dr. Jonathan Hakin (male) and her second level supervisor was Dr. Dana Frazier, (female).

9. On or around January 31, 2022, Plaintiff had some disagreements with Dr. Hakin regarding work distribution. After Plaintiff raised these concerns, Dr. Hakin became very distant towards her. Plaintiff believed Dr. Hakin's actions were based on her sex and in retaliation for raising these concerns. Plaintiff reported Dr. Hakin's conduct/behavior to Dr. Frazier who failed to address them.

10. On February 23, 2022 Plaintiff was having another work related discussion with Dr. Hakin in his office. Plaintiff was standing near an open door in the office and Dr. Hakin was seated at his desk. Another physician assistant, Liz Tate was also present sitting in a chair near Dr. Hakin's desk. During the conversation, and suddenly Dr. Hakin became very upset, rose from his chair and yelled at Plaintiff to get out of his office. As Plaintiff was exiting the office, Dr. Hakin angrily slammed his door which struck Plaintiff and propelled her outside the door into a hallway where she was met by RN Heather Fetty. Nurse Fetty heard the door slamming and was able to observe Plaintiff's emotional state. Liz Tate then exited Dr. Hakin's office to check on Plaintiff and told her, "that was indefensible." Ms. Tate and Ms. Fetty then went into Plaintiff's exam room to console her.

11. Within a few moments of the above incident, Plaintiff went to see the Chief of Surgery, Dr. Dana Frazier to report the incident. Dr. Frazier was not very concerned and remarked to Plaintiff, "well that is how Dr. Hakin acts."

12. Plaintiff then reported the incident to the VA Police. Later when Plaintiff recontacted the VA Police, she was told her complaint was closed and the police refused to provide her any documentation. Plaintiff also contacted Tara Ducoli, Defendant's Privacy Officer who also refused to provider Plaintiff any documentation about her complaint and any investigation of same.

13. Plaintiff was then detailed to another department at the Dayton VA (Compensation and Pension) reporting to Dr. Romer. Plaintiff enjoyed working for Dr. Romer. Soon thereafter Plaintiff met with Defendant's EEO Officer, Derwin Jamison who advised Plaintiff on or about April 13, 2022 that a fact finding investigation failed to substantiate her allegations and she was being reassigned to work for Dr. Hakin. Mr. Jamison also advised Plaintiff that she was a pretty girl."

14. Plaintiff refused the reassignment to Dr. Hakin and was eventually assigned to the Pain Management Department, after Defendant refused to allow Plaintiff to return to the Compensation and Pension Department and her position there.

15. As a result of Defendant's unlawful actions, including not being able to return to the urology Department (without Dr. Hakin) and not being permitted to remain in the Compensation and Pension Department, Plaintiff has lost pay, including significant overtime pay and has also sustained consequential damages, including stress, anxiety and mental anguish and incurred attorney fees and costs.

### III. CAUSES OF ACTION
#### A. SEX DISCRIMINATION/HOSTILE WORK ENVIRONMENT

Civil Rights Act of 1964

16. Plaintiff restates the allegations of paragraphs 1-15 herein.

17. Plaintiff is a female and is therefore protected from sex discrimination and the creation of a hostile work environment predicated on sex discrimination by the Civil Rights Act of 1964, as amended.

18. Plaintiff was treated differently, in respect to the terms and conditions of her employment than comparable male employees and filed EEO Complaints with Defendant regarding same.

19. As a result of Defendant's unlawful actions, including not being able to return to the urology Department (without Dr. Hakin) and not being permitted to remain in the Compensation and Pension Department, Plaintiff has lost pay, including significant overtime pay and has also sustained consequential damages, including stress, anxiety and mental anguish and incurred attorney fees and costs.

### B. RETALIATION
Title VII of the Civil Rights Act of 1964, as amended

20. Plaintiff restates the allegations of paragraphs 1-19 herein.

21. During the relevant time period, Plaintiff was subjected to retaliation by Defendant after raising her concerns about Dr. Hakin's behavior and conduct, both to Dr. Frazier and Derwin Jamison and after filing her EEO charges herein. Mr. Jamison when Plaintiff originally brought her sexual discrimination concerns to his attention suggested that the basis of the issue might be due to an interpersonal dispute because she was "a pretty girl."

22. As a result of Defendant's unlawful actins, Plaintiff has been damages as set forth above.

### IV. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Terri Long respectfully demands judgment against Defendant Secretary of Veterans Affairs and prays for the following relief:

4

A. An award of compensatory damages in excess of $300,000;

B. Pre and post judgment interest;

C. Statutory damages;

D. Reasonable attorney fees and costs; and

E. Such other relief as this Court deems just of equitable.

Respectfully submitted,

DUWEL LAW

**/s/ David M. Duwel**
DAVID M. DUWEL (0029583)
130 West Second Street, Ste 2101
Dayton, Ohio 45402
PH: (937) 297-1154
FAX: (937) 297-1152
ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd, day of July 2024 the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's CM/ECF and copies will be mailed via U.S. Mail to those parties to whom electronic notice has not been sent. Parties may access the filing through the Court's e-filing system.

**/s/ David M. Duwel**
Attorney at Law

## JURY DEMAND

Plaintiff demands a trial by jury as to all issues claimed and pleaded.

**/s/ David M. Duwel**
David M. Duwel